

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-23-00457-CV

---

IN THE INTEREST OF A.M.M., A CHILD

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2023-FM-2124, Honorable John J. "Trey" McClendon III, Presiding

---

April 11, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Kristine Villalon, proceeding pro se, appeals from the trial court's *Order Granting Todd Meredith's and Rosalinda Meredith's First Amended Motion to Dismiss for Lack of Standing (Plea to the Jurisdiction)*.  We remand for further proceedings.

The appellate record was due February 6, 2024.  The clerk's record was filed by this deadline, but the reporter's record was not because Villalon failed to make payment arrangements.  Villalon later paid for the reporter's record on February 22, 2024.  We, thus, granted the reporter an extension to March 6 to file the record.  On March 18, 2024, the reporter notified the Court that she discontinued her transcription because Villalon

requested, and received, return of the money paid for preparation of the record.[1] By letter, we notified Villalon that unless she made payment arrangements for the reporter's record, we would set her brief due without the benefit of a reporter's record per Rule of Appellate Procedure 37.3(c). Villalon subsequently filed a letter with this Court, stating that (1) she cannot afford the record, (2) has filed a statement of inability to afford payment of court costs in the trial court, and (3) has filed a motion in the trial court requesting a free reporter's record. The trial court clerk has confirmed the filing of these documents.

Under Rule of Appellate Procedure 35.3(b), it is the appellant's responsibility to request preparation and make payment arrangements for the reporter's record. When an appellant fails to make payment arrangements for the reporter's record, we may consider and decide an appeal without a reporter's record, unless appellant is entitled to proceed without payment of costs. *See* TEX. R. APP. P. 37.3(c). A party who cannot afford costs, including payment of reporter's fees for preparation of the record, may file a statement of inability to afford payment of court costs. TEX. R. CIV. P. 145. If a statement of inability to pay is filed, the trial court may still require the declarant to prove the inability to afford costs when evidence comes before the court that the declarant may be able to afford costs. *Id*. at 145(e)(2).

Here, Villalon has both paid for the reporter's record (though she requested return of the money) and filed a statement of inability to afford payment of court costs. She has also filed a "Motion Waving Transcript Fees," currently pending in the trial court. We, therefore, abate the appeal and remand this cause to the trial court to hold a hearing and

---

[1] The reporter's status report stated: "Ms. Villalon brought me $400 cash and then came back and picked it up advising she no longer wished to appeal. I received a call today, 3-18-24, that now she wishes to appeal."

2

(1) determine whether is entitled to preparation of the reporter's record without payment of costs and (2) rule on Villalon's motion for a free reporter's record. *See* TEX. R. APP. P. 35.3(c) (providing that the trial and appellate court are jointly responsible for ensuring that the appellate record is timely filed); TEX. R. CIV. P. 145. The trial court shall enter its rulings and findings in a written order and include the order in a supplemental clerk's record which it must cause to be filed with this Court by May 13, 2024.

Per Curiam